### BOLDT v. PENNSYLVANIA R. CO.

(Circuit Court of Appeals, Second Circuit. November 10, 1914.)

No. 45.

MASTER AND SERVANT (§ 295*)—ACTIONS FOR DEATH—QUESTIONS FOR JURY.

A railway yard conductor, in a yard in which cars were allowed to run by gravity to the point where they were made up into trains, was injured while working on a car by cars running down and driving other cars against him. There was no rule to regulate the speed of the moving cars, and the practice of running them down on standing cars was the usual practice in that yard and in other yards generally. *Held* that, if the negligent operation of the cars by the conductor's fellow servants caused the violent striking of the standing cars by those running down the incline, such negligent operation having been a matter of common occurrence, the jury were justified in finding that it was a risk which he assumed; and hence, where the jury were told to find defendant negligent if the rule adopted as to posting a lookout while working between cars was insufficient, and the question as to the necessity of a rule to regulate the movement of cars was left to the jury, it was not error to refuse an instruction that the risks assumed under the federal Employers' Liability Act (Act April 22, 1908, c. 149, 35 Stat. 65 [Comp. St. 1913, §§ 8657-8665]) were those incident to the employment, not including risks incident to the negligence of defendant's officers, agents, or employés.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1168-1179; Dec. Dig. § 295.*]

In Error to the District Court of the United States for the Western District of New York.

This cause comes here upon writ of error to review a judgment of the District Court, Western District of New York, entered upon a verdict in favor of defendant in error, who was defendant below. The action is brought under the federal Employers' Liability Act, to recover damages on account of the death of plaintiff's intestate (hereinafter referred to as deceased), which, the complainants alleges, resulted from the negligence of defendant.

H. A. Adams, for defendant in error.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. The only point raised on this writ of error which calls for any discussion is the exception to a request to charge that:

"The risk the employé now assumes, since the passage of the federal Employers' Liability Act, is the ordinary dangers incident to his employment, which does not now include the assumption of risk incident to the negligence of defendant's officers, agents, or employés."

Deceased was a yard conductor. He was at work in what is known as a "gravity yard," in which cars are pushed up to the crest of a hump

and are then allowed to run down, singly or in groups, under the control of a brakeman, into a fan-shaped arrangement of tracks intended for the making up of trains. He was at work on a car on track 4, one of a group of five cars forming one end of a train to be made up. Some additional cars to be attached to these had been brought down into contact, but the two sections failed to couple. These cars were then drawn off 20 to 30 feet, and deceased and an assistant superintendent went to examine and overhaul the coupler. While thus engaged another group of cars came over the hump and ran down on track 4, striking the head group and driving them down over deceased.

The charges of fault were twofold; negligence in failing to promulgate a rule which would require a lookout to be posted to ward off approaching cars, and negligence in operating its cars so as to come down on standing cars with force sufficient to drive them on. Defendant had promulgated a rule, which reads:

"Rule 180. Employés must not go between or under cars in a train until some other member of the crew is made aware of the fact and the latter takes the necessary precautions to prevent the train from being moved while the employé is between or under the cars."

The testimony abundantly sustains the conclusion that deceased violated this rule. His violation of the rule, however, is important only on the question of contributory negligence, which under the federal act would require merely an apportionment of damages, if defendant were also found negligent. The court so instructed the jury.

The court left it to the jury to say whether or not rule 180 was a sufficient rule to adopt, telling them that if they concluded that it was insufficient they might find defendant negligent. It went further, and instructed the jury specifically that it was for them to decide whether it was necessary for the defendant to make and enforce some rule to regulate the movement of cars sent over the hump, so that they would not impinge on other standing cars—a practice usual in this yard and in other railroad yards generally. The court also instructed the jury that assumption of obvious risk would bar recovery under the federal Employer's Liability Act in cases not coming within section 4 of that act, which is in accord with the decision of the Supreme Court in Seaboard Air Line v. Horton, 233 U. S. 492, 34 Sup. Ct. 635, 58 L. Ed. 1062.

We think the plaintiff was not entitled to have the jury instructed in the manner he requested. If negligent operation of the cars by deceased's fellow servants caused the violent striking of the standing cars by other cars running down from the hump, it was a negligent operation of almost daily occurrence. There was no rule to regulate the speed of the moving cars, and the practice of running them down on standing cars was a practice usual in this yard and in other railroad yards generally. Defendant presumably assumed that the enforcement of rule 180 would make the practice harmless. If it was a negligent mode of operation, it was a mode obvious to deceased, and we cannot see why, under the Seaboard Air Line Case, supra, the jury might not find that such usual operation was a risk which he assumed.

Judgment affirmed.